IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL CASUALTY & SURETY, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-0120 |
| § | | |
| JAMES V. MASCOLA *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court is Defendants Anthony Pizzichillo ("Pizzichillo") and Jeanne Rondeau's ("Rondeau") Motion to Dismiss or to Transfer Venue [Doc. # 84] ("Motion").[1] Defendants Pizzichillo and Rondeau, who are proceeding *pro se*, seek to dismiss the complaint against them for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. Alternatively, these Defendants seek a transfer to the United States District Court for the District of New Jersey. Plaintiff Financial Casualty & Surety, Inc. ("FCS") filed a Response [Doc. # 98]. Having considered the parties' briefing, the applicable legal authorities, and all

---

[1]  Also pending are Plaintiff's Motion to Dismiss Anthony Pizzichillo's Counterclaim [Doc. # 101], Motion to Dismiss Jeanne Rondeau's Counterclaim [Doc. # 102], Motion to Compel Depositions [Doc. # 115], and Motion to Strike Certification [Doc. # 119]. Because the Court is transferring this case to New Jersey, these motions are **denied without prejudice** to being reurged in New Jersey following transfer.

matters of record, the Court **denies** the Motion to Dismiss for lack of personal jurisdiction, **grants** the Motion to Transfer Venue, and **denies without prejudice** the Motion to Dismiss for failure to state a claim.

## I.     BACKGROUND

This lawsuit arises out of the issuance of bail bonds in New Jersey. On or about October 10, 2007, Plaintiff FCS entered into a General Agent Bail Bond Agreement with Defendants James Mascola, Genevieve Steward and Bail Group Management, LLC (collectively, "Bail Group"). Under the terms of the agreement, Bail Group operated a bail bonding service and FCS functioned as an authorized surety for those bonds. Bail Group was authorized to retain producers and sub-producers who could issue bonds with FCS operating as the surety. On November 21, 2008, Bail Group entered into a Sub-Producer Bail Bond Agreement with Rondeau, Pizzichillo, and A1 Bail 4U, LLC. *See* Sub-Producer Bail Bond Agreement [Doc. # 84-2] ("Agreement").

In January 2011, FCS filed this lawsuit to compel Defendants to comply with the terms of these various bail bond agreements. After conducting an evidentiary hearing, the Court issued a Temporary Restraining Order [Doc. # 9], which was later converted into a preliminary injunction [Doc. # 25].

On April 13, 2011, Defendants Pizzichillo and Rondeau filed the instant Motion, seeking to dismiss this case for lack of jurisdiction, failure to state a claim upon which relief may be granted, or alternatively to transfer venue in this case to the United States District Court for the District of New Jersey. The Motion is now ripe for decision.

## II.     MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Agreement, executed by Defendants Pizzichillo and Rondeau, contains the following forum selection clause:

> APPLICABLE LAW, VENUE, AND FORUM. At the discretion of Company, the Agreement is to be interpreted in accordance with the laws of the State of Texas, where Company is based, or of the Sub-Producer's home state. The parties hereto do hereby consent and stipulate to the jurisdiction (at the discretion of Company) of the courts in the State of Texas, County of Harris or of the Sub-Producer's home state for any action brought under this Agreement.

*See* Agreement, ¶ 28. It is undisputed that the relevant sub-producers' home state is New Jersey.

Parties may designate by contract a forum to litigate disputes. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 588 (1991). "The purpose of enforcing forum selection clauses is to encourage parties to honor their contractual obligations and to promote the use of forum selection clauses to spare the time and expense of determining the proper forum for disputes." *Fin. Fed. Credit, Inc. v. NE Rentals, Inc.*,

2009 WL 4667571, at *2 (S.D. Tex. Dec. 1, 2009) (citing *ABC Rental Sys., Inc. v. Colotyme, Inc.*, 893 F. Supp. 636, 638 (E.D. Tex. 1995), and *Carnival Cruise Lines*, 499 U.S. at 594).

Forum selection clauses are generally considered *prima facie* valid and should be enforced. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Seattle-First National Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990); *Kessman & Assocs., Inc. v. Barton-Aschman Assocs., Inc.*, 10 F. Supp. 2d 682, 688 (S.D. Tex. 1997). The party resisting the forum selection clause must show the clause is "unreasonable" before a court may decline to enforce the clause. *Carnival Cruise Lines*, 499 U.S. at 595; *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998). Unreasonableness may be demonstrated by "a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997)). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *The Bremen*, 407 U.S. at 17).

Defendants Pizzichillo and Rondeau have failed to satisfy their "heavy burden" to show that the forum selection clause in the Agreement is unreasonable and should

not be enforced. Defendants have produced no evidence that the forum selection clause was the result of fraud or overreaching, that it violates a strong public policy of this forum, or that it would deprive them of their day in court. *See Afram Carriers*, 145 F.3d at 301.

Defendants rely on *City of New Orleans v. Mun. Admin. Serv.*, 376 F.3d 501 (5th Cir. 2004), to argue that the forum selection clause is ineffective because it is not a "clear and unequivocal waiver" of jurisdiction. The Court is unpersuaded. *City of New Orleans*, which involved a dispute over whether a forum selection clause operated as a waiver of the right of removal to federal court, is inapplicable here. Moreover, the forum selection clause here is not ambiguous; it contains a clear and unequivocal consent to personal jurisdiction and venue in this court. The clause gives FCS the discretion to bring a suit in Texas or in New Jersey, but that does not render the clause ambiguous.

A valid forum selection clause shows a party's consent to personal jurisdiction in the specified forum, and, absent fraud or overreaching, courts enforce such consent. *Alliantgroup, L.P. v. Feingold*, 2009 WL 2498551, at *6 n.2 (S.D. Tex. Aug. 12, 2009) (citing *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995)). Because Defendants Pizzichillo and Rondeau have failed to show that the forum selection clause in the Agreement is unreasonable, the clause is valid and will

be enforced. The Court holds that Defendants Pizzichillo and Rondeau have contractually consented to both venue and personal jurisdiction in this forum.[2] Accordingly, Defendants' Motion to Dismiss for lack of personal jurisdiction is denied.

### III. MOTION TO TRANSFER VENUE

Defendants Pizzichillo and Rondeau also move, in the alternative, to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 n.1 (5th Cir. 2008) (*en banc*), *cert. denied*, 129 S. Ct. 1336 (2009) ("*Volkswagen II*").

To determine whether transfer is appropriate under § 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). It is uncontested that, both under

---

[2] Because Pizzichillo and Rondeau contractually consented to personal jurisdiction in this forum, the Court need not conduct an analysis of the Texas long-arm statute and the parties' contacts with the forum state. *Alliantgroup*, 2009 WL 2498551, at *6 (S.D. Tex. Aug. 12, 2009).

general rules governing venue and personal jurisdiction and pursuant to the forum selection clause in the Agreement, FCS could have filed this lawsuit in the District of New Jersey.

The moving party must also show good cause for a transfer of venue. *Volkswagen II*, 545 F.3d at 315.  To show good cause, a moving party must "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.*  If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* Courts analyze pertinent private and public factors as to whether transfer would be more convenient for the parties and witnesses and in the interests of justice. *See In re Horseshoe Enter.*, 337 F.3d 429, 433-35 (5th Cir. 2003).  These public and private factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).

Generally, the presence of a forum selection clause is a significant factor in determining a motion to transfer, and the Court must consider the parties' convenience and fairness in light of the parties' expressed preference for the chosen forum. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988).  A party's consent to

jurisdiction and venue in one forum, however, does not necessarily waive its right to argue that the action should be heard in another. *Id.* "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* Where the language in the forum selection clause is not clear, unequivocal, and mandatory, the clause is permissive and jurisdiction in other courts is not precluded. *See id.*; *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). In this case, the forum selection clause is permissive, allowing the case to be heard in either Texas or New Jersey. Because the forum selection clause contemplates that the forum chosen may be the District of New Jersey, the forum selection clause in this case weighs less heavily in the § 1404(a) analysis than is generally the case.

Similarly, while "a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *See Volkswagen II*, 545 F.3d at 315. In this case, it is undisputed that FCS is a citizen of Texas. Because the Defendants reside in New Jersey and all the bail bonds at issue were filed in courts in New Jersey, FCS's choice to file this lawsuit here in taken into account but does not weigh heavily in the § 1404(a) analysis.

The Court must also consider private interest factors. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203). The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a). *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005). In considering the convenience of witnesses, the relative convenience to key witnesses and key non-party witnesses is accorded greater weight in the venue transfer analysis. *See id.* at 790–91 (non-party witnesses); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994) (key non-party witnesses); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) (key witnesses).

The private interest factors weigh heavily in favor of transfer. Although FCS is a Texas corporation, the dispute involves bail bonds filed in New Jersey courts and records that are located in New Jersey. Most, if not all, key witnesses reside in New Jersey, and none have been identified who reside in Texas. The attendance of all key witnesses could be obtained with significantly less difficulty and undue expense for a trial in New Jersey. It is undisputed that the vast majority of the depositions need

to be conducted in New Jersey, and all relevant documents are located in New Jersey. Plaintiff has often requested relief from this Court that can only be granted by a court in New Jersey and, as a result, this Court has been required to deal with discovery issues which must be addressed by the New Jersey courts. *See, e.g.*, Hearing Minutes and Order [Doc. # 106] (directing Plaintiff to seek subpoenas from the New Jersey courts).

The Court must also consider public interest factors, including (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

The public interest factors weigh heavily in favor of transfer. The Southern District of Texas is an exceedingly busy court. This is not a local Houston dispute because the bail bonds at issue were filed in courts in New Jersey, not in Texas. Indeed, the genesis of the lawsuit is an investigation conducted by the New Jersey Attorney General regarding forfeitures of bail bonds. The New Jersey court has much more familiarity with the application of the New Jersey law relied upon by Defendants in their Motion to Dismiss for failure to state a claim. The public interest favors

resolving this dispute in the district where the bail bonds were filed, and where key non-party witnesses and documents are located.

The Court finds that the private and public interest factors weigh heavily in favor of transferring this case to the District of New Jersey, where it could originally have been brought. Notwithstanding the parties' contractual choice of either this forum or the District of New Jersey, Defendants have demonstrated that the case should be transferred for the convenience of the parties and witnesses under § 1404(a).

## IV.    CONCLUSION AND ORDER

Defendants Pizzichillo and Rondeau contractually consented to personal jurisdiction and venue in this court. As a result, their Motion to Dismiss for lack of personal jurisdiction is denied. Defendants have demonstrated that, notwithstanding the permissive forum selection clause in the Agreement, the interests of the parties and witnesses strongly favors transfer of the case to the District of New Jersey, where Defendants may reassert their Motion to Dismiss for failure to state a claim. Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion [Doc. #84] is **DENIED** as to the Motion to Dismiss for lack of personal jurisdiction, **GRANTED** as to the Motion to Transfer Venue, and **DENIED WITHOUT PREJUDICE** as to the Motion to Dismiss for failure to state a claim. It is further

ORDERED that FCS's Motion to Dismiss Anthony Pizzichillo's Counterclaim [Doc. # 101], Motion to Dismiss Jeanne Rondeau's Counterclaim [Doc. # 102], Motion to Compel Depositions [Doc. # 115], and Motion to Strike Certification [Doc. # 119] are **denied without prejudice**.

The Court will issue a separate order transferring this case to the United States District Court for the District of New Jersey.

SIGNED at Houston, Texas, this 22nd day of **July, 2011.**

_____
Nancy F. Atlas
United States District Judge